Andrew T. Curtis, Bar No. 13681
LINCOLN LAW CENTER, LLC
921 West Center Street
Orem, UT 84057
Telephone: (801) 224-8282
Facsimile: (800) 584-6826
help@lincolnlaw.com
Attorney for Debtors

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

| | | | |
|---|---|---|---|
| In re: | **BRYAN D. POUND** | : | Bankruptcy No. 16-28986 |
| | **KATIE S. POUND** | : | Chapter 13 |
| | | : | Judge Kevin R. Anderson |
| | | : | |
| Debtors. | | : | Filed Electronically |

### MOTION FOR U.S. BANK NATIONAL ASSOCIATION TO PAY DEBTOR'S ATTORNEY'S FEES PURSUANT TO RULE 3002.1

Bryan D. Pound and Katie Scarlet Snell (the "Debtors"), by and through Counsel, hereby move the Court to ender an order that U.S. Bank National Association (the "Creditor") pay the attorney's fees incurred by the Debtors' Counsel pursuant to Fed.R.Civ.P. 3002.1(i).

### UNDERLYING FACTS

1. On October 11, 2016, the Debtors filed their Chapter 13 bankruptcy. The Debtors' plan provided for the payment of a pre-petition mortgage arrearage to Specialized Loan Servicing ("SLS") in order to cure the loan and become current.[1]

---

[1] Debtors note that the original claim was filed by U.S. Bank National Association Trustee and subsequently transferred to U.S. Bank Trust National Association which apparently was serviced by BSI Financial Services.

2.   The Debtors' prepetition mortgage default was determined by the allowance of U.S. Bank National Association Trustee's Proof of Claim No. 8 and the Mortgage Proof of Claim Attachment, in the amount of $14,623.70.

3.   The Debtors' Chapter 13 Plan provided for payment of that amount and maintenance of current payments by the Debtors. It was confirmed by order of this Court and is binding on the Creditor under 11 U.S.C. § 1327.

4.   On or around November 22, 2017, SLS delivered a letter to the Chapter 13 Trustee stating that its prepetition arrears were paid in full and no longer asserted a claim against the bankruptcy estate; and on March 20, 2018, an order was entered that reduced SLS's prepetition claim to $0.00.

5.   After the Debtors completed their Plan payments, on November 14, 2019, the Trustee filed a Notice of Final Mortgage Cure Payment in this case pursuant to Fed R. Bankr. P. 3002.1(f). The amount established as the arrearage to be cured by the Debtors on their mortgage was paid in full, as confirmed by the Notice of Final Mortgage Cure Payment filed by the Trustee.

6.   The Notice of Final Mortgage Cure Payment filed by the Trustee informed the Creditor of its obligation to respond and to file a statement indicating whether it agrees that: a) the Debtors have paid in full the amount required to cure the default on the claim, and b) the Debtors are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5).

7.   On December 5, 2019, the Creditor filed its Response to Notice of Final Cure Payment agreeing that the Debtors have paid in full the amount required to cure the prepetition default on the creditor's claim. In addition, the Mortgagee's response indicated that the Debtors are in default

with their postpetition mortgage payments. The Creditor's response indicates six (6) post-petition payments owed for a total delinquency of $8,155.92. (See **Exhibit A** attached.)

8.   In response, on December 26, 2019, the Debtors filed their Motion to Determine Final Cure Payment pursuant to Rule 3002.1. [Doc. # 41].

9.   On January 13, 2020, the Creditor filed a response indicating that it had requested copies of cancelled checks to allow it to "both trace and conduct further research into each of the transactions at issue." The response asked that the Debtors' Motion be denied. [Doc #43] (See **Exhibit B** attached.)

10. On January 24, 2020, the Creditor filed an amended Response to Notice of Final Cure Payment which indicated that there were no defaulted post-petition arrears. (See **Exhibit C** attached.)

11. The parties appeared at the hearing in this matter on January 27, 2020. At the hearing, and despite the amended Response, Counsel for the Creditor indicated that there may still be one missing payment. Further, Counsel had questions regarding the accounting. Counsel then asked that the matter be continued to sort out the facts. The matters were continued to February 10, 2020.

12. At the February 10, 2020 hearing the Creditor's counsel indicated all post-petition payments were current. The Debtors' counsel asked for an award of fees pursuant to Fed.R.Bankr.P. 3002.1(i). The Court required the Debtors to file a separate motion setting forth the legal basis for the fees. This motion follows.

//

## APPLICABLE RULES

13. Rule 3002.1 applies in this matter as the claim is secured by an interest in the Debtors' principal residence and the plan provided for payment of ongoing mortgage payments by the Debtors. Fed.R.Bankr.P. 3002.1(a).

14. Sections 3002.1(f), (g) and (h) provide the mechanism to determine whether the Debtors are current on mortgage payments at the end of the case.

15. Section 3002.1(f) requires the Trustee to file a Notice of Final Cure Payment.

16. Section 3002.1(g) requires a mortgage creditor, within 21 days of the Trustee's Notice to file a statement indicating:

> (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and

> (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code.

17. Section 3002.1(h) allows the Debtors to move for a determination whether the Debtors have cured the default and paid all post-petition amounts.

18. Section 3002.1(i) states in pertinent part that if a holder of a claim fails to provide any information as required in subdivision (g) the court may, after notice and hearing, take either or both of the following actions:

> (1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

4

(2) award other appropriate relief, including reasonable expenses and attorney's fees

caused by the failure.

## ISSUE

19. Whether a mortgage company which submitted to the Court inaccurate information concerning

Debtors' post-petition mortgage payments, in its Rule 3002.1(g) response, is liable to the

Debtors for attorney's fees and costs incurred to rebut the inaccurate information?

## ARGUMENT

20. Most courts hold that when a creditor files incorrect or false information pursuant to an

obligation under Rule 3002.1, it is the equivalent of filing no statement at all.

> Courts have determined that the filing of an incorrect and inaccurate supplement
> under Rule 3002.1(g) statement is the equivalent of filing no statement at all,
> asserting that "when confronted with an incorrect statement, a debtor is left with
> little alternative but to respond with a Rule 3002.1(h) motion, to attend a hearing
> on the motion, and incur attorney's fees and expense." *In Re Ferrell*, 580 B.R. 181,
> 185 (Bankr. D. S.C. 2017).

*In re Lopez*, No. 17-03902 (ESL), 2019 Bankr. LEXIS 498, at *12 (Bankr. D.P.R. Feb. 20,

2019).

> Rule 3002.1(b) required Nationstar to provide "notice of any change in the payment
> amount, including any change that results from an interest rate or escrow account
> adjustment. . .." The rule requires creditors to provide information without
> expressly saying that the information must be correct. But I conclude that the
> provision of inaccurate information is equivalent to a failure to provide information.
> The purpose of Rule 3002.1, as discussed below, is served only if the creditor
> provides correct information."); *In re Ferrell*, 580 B.R. 181, 187 (Bankr. D.S.C.)
> (incorrect statement may be "worse than no statement"); *but see In re Trevino*, 535
> B.R. 110, 131 (Bankr. S.D. Tex. 2015) (concluding that inaccurate notice does not
> violate Rule 3002.1 and analyzing issue instead under an abuse-of-process
> framework).

*In re Tollstrup*, No. 15-33924-dwh13, at *4 (Bankr. D. Or. Mar. 16, 2018).

> Other courts, while not addressing this legal question head on, have implicitly ruled that sanctions provided by Rule 3002.1(I) are available for a motion under Rule 3002.1(h) when the question is whether the creditor has complied with subdivision (g). *See In re Ferrell*, 580 B.R. 181, 186-88 (Bankr. D. S.C. 2017) (indicating that a motion under Rule 3002.1(h) is the proper procedure for debtors who wish to challenge the creditor's Rule 3002.1(g) statement); *In re Farhat*, Case No. 12-30103 (Bankr. N.D. Cal. Aug. 17, 2017); *In re Longmire*, Case No. 09-14629 (Bankr. W.D. Tenn. Sept. 11, 2015); *In re Kreidler*. 2013 WL 1334910, at *2-3 (Bankr. M.D. Pa. Mar. 29, 2013). This makes sense since subdivision (h) specifically references subdivision (g), and subdivision (I) specifically references subdivision (g).

> The Code is silent as to procedure, but clearly sanctions are available for a creditor's failure to comply with Rule 3002.1(g). Perhaps a debtor could file an opposition to the creditor's Rule 3002.1(g) response as opposed to filing a motion under Rule 3002.1(h). However, this would be putting form over substance. Whether one calls it an opposition to the creditor's response under Rule 3002.1(g) or a motion to determine the final cure amount under Rule 3002.1(h), the debtors here were seeking relief for what they contended was the creditor's failure to comply with subdivision (g). In that event, the remedies under subdivision (I) including the award of attorney's fees were available, and the bankruptcy court did not err in concluding so.

*Alvarez v. Bayview Loan Servicing, LLC (In re Alvarez)*, BAP No. NC-18-1104-BKuF, at

*13-14 (B.A.P. 9th Cir. Dec. 21, 2018).

21. The essential facts in this case are not disputed.  The following graph indicates the incorrect

statements made by the Creditor and the ramifications flowing therefrom.

//

//

//

//

| Creditor's Statement | Evidence Statement is Incorrect | Ramifications of Statement | Debtors' Attorney's Time and Fees** |
|---|---|---|---|
| Response under Rule 3002.1(g) which contained incorrect information asserting post-petition mortgage arrears. (See **Exhibit A**) | 1) Amended Response filed by Creditor (See **Exhibit C**)<br><br>2) Creditor's counsel at hearing on January 27, 2020 indicated that there was only one payment at issue.  Further, despite his paralegal's filing of the Amended Response counsel indicated he still had questions about the accounting. | 1) Debtors had to produce records demonstrating that payments were timely made.<br><br>2) Debtors' counsel filed the Motion to Determine Final Cure | 3.8 hours<br><br>12/14/2019 through 12/26/2019<br><br>**Total: $811.00** |
| Response to Debtor's Motion to Determine Final Cure requesting the Court deny the Debtor's Motion that they were current on their post-petition mortgage payments. | Response indicates "A thorough review of the bank statements provided … identified six (6) payments reflected on their bank statements which had not been credited to Debtors mortgage payments…" (See Exhibit B, Line 4). | 1) Debtors had to produce cancelled checks to the Creditor.<br><br>2) Debtors' counsel had to travel to and attend the hearing on January 27, 2020. | 1.9 hours<br><br>1/10/2020 through 1/27/2020<br><br>**Total; $310.00** |
| Amended Response that there were no post-petition arrears | Creditor's counsel's statements at the January 27, 202 hearing.  See above. | The hearing was reset to 2/10/20. Debtors counsel had to travel to and attend this hearing. | 1.6 hours<br><br>1/31/2020 through 2/19/2020<br><br>**Total: $342.00** |

**\*\*Debtors' Counsel's full accounting and time records attached as Exhibit D**

22. There is no doubt that but for the Creditor's factually incorrect Response pursuant to Rule

3002.1(g), the Debtors would not have suffered the time and anxiety gathering proof of their

mortgage payments and the ongoing anxiety of whether the bankruptcy would give them a "fresh start." But for Creditor's Response, Debtors' counsel wouldn't have spent time preparing a motion pursuant to Rule 3002.1(h), gathering additional information from the Debtors, and preparing and attending two hearings on this matter.

23. This is a question of equity. Creditors are routinely granted attorney's fees when filing a motion for relief from stay for missing mortgage payments. Part of the cure or resolution of those motions often include payment of creditor's attorney's fees. Likewise, when a debtor responds to a factually inaccurate Response from a creditor, the creditor should pay debtor's attorney's fees.

24. The time incurred by the Debtors' counsel in responding to the Creditor's factually inaccurate Response totaled 7.3 hours amounting to a total billable of $1,463.00 (see **Exhibit D** attached).

WHEREFORE, the Debtors respectfully request the Court enter an order requiring the Creditor to pay $1,463.00 to Debtors' Counsel.

Dated this 4th day of March 2020.

/s/ Andrew T. Curtis
Attorney for Debtors
Lincoln Law

8

**Exhibit A**

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Bryan D Pound |
| Debtor 2 (Spouse, if filing) | Katie Scarlet Snell aka Katie Scarlet Pound |
| United States Bankruptcy Court for the: | District of Utah |
| | (State) |
| Case number | 16-28986 KRA |

## Form 4100R

# Response to Notice of Final Cure Payment

10/15

According to Bankruptcy Rule 3002.1(g), the creditor responds to the trustee's notice of final cure payment.

### Part 1: Mortgage Information

**Name of creditor:** U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust

**Court claim no.** (if known): 8

**Last 4 digits** of any number you use to identify the debtor's account: 4  8  6  5

**Property address:** 2227 East Lennox Lane
Number        Street

Saratoga Springs        UT        84045
City        State        ZIP Code

### Part 2: Prepetition Default Payments

*Check one:*

☑ Creditor agrees that the debtor(s) have paid in full the amount required to cure the prepetition default on the creditor's claim.

☐ Creditor disagrees that the debtor(s) have paid in full the amount required to cure the prepetition default on the creditor's claim. Creditor asserts that the total prepetition amount remaining unpaid as of _____ is:        $ _____

### Part 3: Postpetition Mortgage Payment

*Check one:*

☐ Creditor states that the debtor(s) are current with all postpetition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs.

As of _____ the next postpetition payment from the debtor(s) is due on: _____   in the amount of $ _____
MM / DD / YYYY

☑ Creditor states that the debtor(s) are not current on all postpetition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs.

Creditor asserts that the total amount remaining unpaid as of  12/04/2019  is:

a.   Total postpetition ongoing payments due:        (a) $ 8,115.92

b.   Total fees, charges, expenses, escrow, and costs outstanding:        + (b) $ _____

c.   **Total**. Add lines a and b.        (c) $ 8,115.92

Creditor asserts that the debtor(s) are contractually obligated for the postpetition payment(s) that first became due on:        07/01/2019
MM / DD / YYYY

| Debtor 1 | Bryan D Pound | | | Case number (if known) | 16-28986 KRA |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**Part 4:**  **Itemized Payment History**

If the creditor disagrees in Part 2 that the prepetition arrearage has been paid in full or states in Part 3 that the debtor(s) are not current with all postpetition payments, including all fees, charges, expenses, escrow, and costs, the creditor must attach an itemized payment history disclosing the following amounts from the date of the bankruptcy filing through the date of this response:

  all payments received;
  all fees, costs, escrow, and expenses assessed to the mortgage; and
  all amounts the creditor contends remain unpaid.

---

**Part 5:**  **Sign Here**

**The person completing this response must sign it. The response must be filed as a supplement to the creditor's proof of claim.**

*Check the appropriate box::*

☐ I am the creditor.

☑ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this response is true and correct to the best of my knowledge, information, and reasonable belief.**

Sign and print your name and your title, if any, and state your address and telephone number if different from the notice address listed on the proof of claim to which this response applies.

✖ /s/ Armand J. Howell                                    Date  12/05/2019
    Signature

| Print | Armand J. Howell | | | Title | Attorney at Law |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

Company    Halliday, Watkins & Mann, P.C.

If different from the notice address listed on the proof of claim to which this response applies:

Address    376 East 400 South, Suite 300
           Number          Street

           Salt Lake City, UT 84111
           City                          State        ZIP Code

Contact phone  ( 801 )  355 _ 2886              Email:  info@hwmlawfirm.com

---

## **MAILING CERTIFICATE**

The undersigned hereby certifies that a true and correct copy of this Response to

Final Cure Payment was mailed by first class mail, postage prepaid, or via ECF, this 5th

day of December, 2019, to each of the following:

| | |
|---|---|
| Bryan D Pound and Katie Scarlet<br>Snell<br>2227 East Lennox Lane<br>Saratoga Springs, UT 84043<br>Debtors | Andrew T Curtis<br>Via ECF<br>Debtors' Attorney |
| | Lon Jenkins<br>Via ECF |
| United States Trustee<br>Via ECF | Chapter 13 Trustee |

/s/ Armand J. Howell
Armand J. Howell


BSI Financial Services

**Payment Changes**

| Date | P&I | Escrow | Total | Notice Filed |
|---|---|---|---|---|
| 12/19/2016 | $1,080.20 | $214.89 | $1,295.05 | Filed w/ POC |
| 1/1/2018 | $1,080.20 | $279.76 | $1,359.96 | NOPC |
| 12/1/2019 | $1,080.20 | $235.92 | $1,316.12 | NOPC |
| | | | | |
| | | | | |

**Loan Information**

| Loan # | |
|---|---|
| Borrower | POUND |
| BK Case # | 16-28986 |
| Date Filed | 10/11/2016 |
| First Post Petition Due | |
| Date | 11/1/2016 |
| POC Covers | |

| Date | Amount Rcvd | Late Charges Incurred | Post Pet Due Date | Contractual Due Date | Amt Due | Over/Short | Suspense Credit | Suspense Debit | Suspense Balance | APO Credit | APO Debit | APO Suspense Balance | APO Paid to Date | POC Arrears Credit | POC Debit | POC Suspense Balance | POC Paid to Date | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/3/2016 | $1,295.09 | | 11/1/2016 | | $1,295.09 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 12/6/2016 | $1,295.09 | | 12/1/2016 | | $1,295.09 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 12/29/2016 | $1,295.09 | | 1/1/2017 | | $1,295.09 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 1/30/2017 | $1,295.09 | | 2/1/2017 | | $1,295.09 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 2/27/2017 | $1,296.09 | | 3/1/2017 | | $1,295.09 | $1.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 3/28/2017 | $1,295.09 | | 4/1/2017 | | $1,295.09 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 4/25/2017 | $1,295.09 | | 5/1/2017 | | $1,295.09 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 5/24/2017 | $1,295.09 | | 6/1/2017 | | $1,295.09 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 6/27/2017 | $1,295.09 | | 7/1/2017 | | $1,295.09 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 7/25/2017 | $1,295.09 | | 8/1/2017 | | $1,295.09 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 9/21/2017 | $1,295.09 | | 9/1/2017 | | $1,295.09 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 10/17/2017 | $1,295.09 | | 10/1/2017 | | $1,295.09 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 10/31/2017 | $1,295.09 | | 11/1/2017 | | $1,295.09 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 12/9/2017 | $1,295.09 | | 12/1/2017 | | $1,295.09 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 1/1/2018 | $1,359.96 | | 1/1/2018 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 3/2/2018 | $1,359.96 | | 2/1/2018 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 4/3/2018 | $1,359.96 | | 3/1/2018 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 5/1/2018 | $1,359.96 | | 4/1/2018 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 5/30/2018 | $1,359.96 | | 5/1/2018 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 7/31/2018 | $1,359.96 | | 6/1/2018 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 9/4/2018 | $1,359.96 | | 7/1/2018 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 11/2/2018 | $1,359.96 | | 8/1/2018 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 12/6/2018 | $1,359.96 | | 9/1/2018 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 2/7/2019 | $1,359.96 | | 10/1/2018 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 3/4/2019 | $1,359.96 | | 11/1/2018 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 4/30/2019 | $1,359.96 | | 12/1/2018 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 6/4/2019 | $1,359.96 | | 1/1/2019 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 7/2/2019 | $1,359.96 | | 2/1/2019 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 9/10/2019 | $1,359.96 | | 3/1/2019 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 10/1/2019 | $1,359.96 | | 4/1/2019 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 10/29/2019 | $1,359.96 | | 5/1/2019 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| 12/2/2019 | $1,359.96 | | 6/1/2019 | | $1,359.96 | $0.00 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| PAST DUE PAYMENT | | | 7/1/2019 | | $1,359.96 | -$1,359.96 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| | | | 8/1/2019 | | $1,359.96 | -$1,359.96 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| | | | 9/1/2019 | | $1,359.96 | -$1,359.96 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| | | | 10/1/2019 | | $1,359.96 | -$1,359.96 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| | | | 11/1/2019 | | $1,359.96 | -$1,359.96 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| | | | 12/1/2019 | | $1,316.12 | -$1,316.12 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |
| | | | | $8,115.92 | -$8,115.92 | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | | |
| | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | | | $0.00 | $0.00 | |

**Exhibit B**

Armand J. Howell, Bar Number 10029
Benjamin J. Mann, Bar Number 12588
HALLIDAY, WATKINS & MANN, P.C.
Attorneys for U.S. Bank N.A.
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Telephone: 801-355-2886
Fax: 801-328-9714
Email: armand@hwmlawfirm.com
File No: UT10229

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>BRYAN D. POUND<br>KATIE SCARLET POUND,<br><br>　　　　Debtors. | Bankruptcy Case No. 16-28986 KRA<br><br>Chapter 13<br><br>**OBJECTION TO DEBTORS' MOTION FOR DETERMINATION OF FINAL CURE AND PAYMENT OF ALL POSTPETITION PAYMENTS**<br><br>[Filed Electronically] |

　　　　U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust ("Secured Creditor") hereby objects to Debtors' Motion for Determination of Final Cure and Payment of All Post-petition Payments. In further support of this objection, U.S. Bank, N.A. ("Creditor") respectfully states:

### BACKGROUND FACTS

　　　　1.　　A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on October 11, 2016.

　　　　2.　　Following completion of their Plan payments the Chapter 13 Trustee filed a Notice of Final Mortgage Cure Payment on November 14, 2019.

1

3. Through counsel, Secured Creditor filed its Response to Notice of Final Cure Payment and while agreeing that Debtors had paid the amount to cure the pre-petition arrears indicated that Debtors remained delinquent for a total of six (6) post-petition payments.

4. A thorough review of the bank statements provided in the motion by Debtors identified six (6) payments reflected on their bank statements which had not been credited to Debtors mortgage payments. Each of the payments in question were processed through Wells Fargo's "bill pay" system.

5. The specific dates for each of the non-credited payment transactions have been provided to counsel for the Debtors to provide cancelled checks for each transaction to allow Secured Creditor to both trace and conduct further research into each of the transactions at issue.

**WHEREFORE**, Secured Creditor respectfully requests the following:

1. That Debtors Motion for Determination of Final Cure and Payment of All Post-Petition Payments be denied.

2. For such other relief that the court deems proper.

DATED this 13th day of January, 2020.

/s/ *Armand J. Howell*
Armand J. Howell
Attorney for Movant

2

## MAILING CERTIFICATE

The undersigned hereby certifies that a true and correct copy of this Objection to Motion

for Determination of Final Cure and Payment of All Post-Petition Payments was mailed by first

class mail, postage prepaid, or via ECF, this 13th day of January, 2020, to each of the following:

Bryan D Pound and Katie Scarlet
Snell
2227 East Lennox Lane
Saratoga Springs, UT 84043
Debtors

United States Trustee
Via ECF

Andrew T Curtis
Via ECF
Debtors' Attorney

Lon Jenkins
Via ECF
Chapter 13 Trustee

*/s/ Armand J. Howell*
Armand J. Howell

**Exhibit C**

Fill in this information to identify the case:

| Debtor 1 | Bryan D Pound |
| Debtor 2 (Spouse, if filing) | Katie Scarlet Snell aka Katie Scarlet Pound |
| United States Bankruptcy Court for the: | District of Utah |
| | (State) |
| Case number | 16-28986 KRA |

# Form 4100R

## Response to Notice of Final Cure Payment    AMENDED    10/15

According to Bankruptcy Rule 3002.1(g), the creditor responds to the trustee's notice of final cure payment.

### Part 1:    Mortgage Information

**Name of creditor:**    U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust

**Court claim no.** (if known): 8

**Last 4 digits** of any number you use to identify the debtor's account:    4    8    6    5

**Property address:**    2227 East Lennox Lane
Number        Street

Saratoga Springs        UT        84045
City                State        ZIP Code

### Part 2:    Prepetition Default Payments

*Check one:*

☑ Creditor agrees that the debtor(s) have paid in full the amount required to cure the prepetition default on the creditor's claim.

☐ Creditor disagrees that the debtor(s) have paid in full the amount required to cure the prepetition default on the creditor's claim. Creditor asserts that the total prepetition amount remaining unpaid as of_____ is:    $ _____

### Part 3:    Postpetition Mortgage Payment

*Check one:*

☑ Creditor states that the debtor(s) are current with all postpetition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs.

As of 01/24/2020 the next postpetition payment from the debtor(s) is due on: 01/01/2020 in the amount of $ 1,316.12
MM / DD / YYYY

☐ Creditor states that the debtor(s) are not current on all postpetition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs.

Creditor asserts that the total amount remaining unpaid as of _____ is:

a.  Total postpetition ongoing payments due:    (a)  $ _____

b.  Total fees, charges, expenses, escrow, and costs outstanding:    + (b)  $ _____

c.  **Total**. Add lines a and b.    (c)  $ _____

Creditor asserts that the debtor(s) are contractually obligated for the postpetition payment(s) that first became due on:    _____
MM / DD / YYYY

Case 16-28986 Doc 48 Filed 02/04/20 Entered 02/04/20 16:36:57 Desc Main
Document Page 2 of 3

| Debtor 1 | Bryan D Pound | | | 16-28986 KRA |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | Case number (if known) |

---

**Part 4:**   **Itemized Payment History**

If the creditor disagrees in Part 2 that the prepetition arrearage has been paid in full or states in Part 3 that the debtor(s) are not current with all postpetition payments, including all fees, charges, expenses, escrow, and costs, the creditor must attach an itemized payment history disclosing the following amounts from the date of the bankruptcy filing through the date of this response:

  all payments received;
  all fees, costs, escrow, and expenses assessed to the mortgage; and
  all amounts the creditor contends remain unpaid.

---

**Part 5:**   **Sign Here**

**The person completing this response must sign it.  The response must be filed as a supplement to the creditor's proof of claim.**

*Check the appropriate box::*

☐ I am the creditor.
☑ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this response is true and correct to the best of my knowledge, information, and reasonable belief.**

Sign and print your name and your title, if any, and state your address and telephone number if different from the notice address listed on the proof of claim to which this response applies.

**✖** /s/ Armand J. Howell                                      Date 01/24/2020
       Signature

Print   Armand J. Howell                                        Title  Attorney at Law
          First Name          Middle Name          Last Name

Company   Halliday, Watkins & Mann, P.C.

If different from the notice address listed on the proof of claim to which this response applies:

Address   376 East 400 South, Suite 300
              Number              Street

          Salt Lake City, UT 84111
              City                        State          ZIP Code

Contact phone ( 801 )  355 _ 2886              Email: info@hwmlawfirm.com

---

## MAILING CERTIFICATE

The undersigned hereby certifies that a true and correct copy of this Amended Response to

Final Cure Payment was mailed by first class mail, postage prepaid, or via ECF, this 24th

day of January, 2020, to each of the following:

| | |
|---|---|
| Bryan D Pound and Katie Scarlet Snell<br>2227 East Lennox Lane<br>Saratoga Springs, UT 84043<br>Debtors | Andrew T Curtis<br>Via ECF<br>Debtors' Attorney |
| United States Trustee<br>Via ECF | Lon Jenkins<br>Via ECF<br>Chapter 13 Trustee |

/s/ Armand J. Howell
Armand J. Howell

**Exhibit D**

# Exhibit D

| Worked | Logged | Spent | Task | Summary | Role | Rate | Billed |
|--------|--------|-------|------|---------|------|------|--------|
| 2/19/2020 | Andrew T. Curtis | 0.1 | Drf Order | Fixed order and e-filed | Sr. Attorney | $285.00 | $0.00 |
| 2/11/2020 | Andrew T. Curtis | 0.2 | SMS Commun | SMS to/from clients re status, hearing outcome | Sr. Attorney | $285.00 | $0.00 |
| 2/11/2020 | Cristian Manzo | 0.1 | Process Inbound Email from Client | Uploaded documents to case | Paralegal | $125.00 | $0.00 |
| 2/10/2020 | Lou G. Harris | 0.3 | Hearing on Mtn. to Determine | Attended hearing; requested fees | Sr. Attorney | $285.00 | $85.50 |
| 2/6/2020 | Andrew T. Curtis | 0.1 | Drf Order | No response; sent another email to Armand Howell | Sr. Attorney | $285.00 | $28.50 |
| 2/3/2020 | Andrew T. Curtis | 0.6 | Drf Order | Drafted order and sent email to Armand Howell | Sr. Attorney | $285.00 | $171.00 |
| 2/3/2020 | Andrew T. Curtis | 0.1 | Email to Armand Howell | Emailed Armand Howell proof of Jan 2020 and Feb 2020 mortgage payments | Sr. Attorney | $285.00 | $28.50 |
| 1/31/2020 | Andrew T. Curtis | 0.1 | Process SMS from Client | Obtained Jan 2020 and Feb 2020 mortgage payments/proof; reviewed and saved to case | Sr. Attorney | $285.00 | $28.50 |
| 1/27/2020 | Andrew T. Curtis | 0.1 | Hearing on Mtn. to Determine | Attended hearing; spoke with Mr. Armand Howell; hearing continued to allow Mr. Howell a thorough review of docs provided. Sent SMS to Bryan Pound re proof of Jan and Feb 2020 payments | Sr. Attorney | $285.00 | $28.50 |
| 1/27/2020 | Andrew T. Curtis | 0.2 | Hearing on Mtn. to Determine | Prepared for hearing | Sr. Attorney | $285.00 | $57.00 |
| 1/27/2020 | Andrew T Curtis | 0.1 | Call to Client re Hearing | Discussed hearing with Client; no need to attend (evidence appears to have been accepted by mortgage); discussed potential outcomes | Sr. Attorney | $285.00 | $28.50 |

| 1/24/2020 | James J Haller | 0.4 | Draft Contested Order | Discussion with ATC re motion to deem mortgage current, provided him with caselaw and proposed argument for hearing on Monday. | Sr. Attorney | $285.00 | $0.00 |
|---|---|---|---|---|---|---|---|
| 1/24/2020 | Maria Raviela | 0.2 | Draft Contested Order | Spoke with client re attending hearing with Atty. Sent him SMS with time and location. Created task to remind him on Monday. | Paralegal | $125.00 | $25.00 |
| 1/17/2020 | Andrew T Curtis | 0.1 | Process SMS Response | Inbound SMS from client re: documents; uploaded and notified paralegal | Attorney | $285.00 | $0.00 |
| 1/17/2020 | Andrew T Curtis | 0.1 | Draft Contested Order | Reviewed and saved email from Mr. Howell confirming receipt of cancelled checks | Attorney | $285.00 | $28.50 |
| 1/17/2020 | Andrew T Curtis | 0.1 | Process SMS Response | Inbound SMS from client re: documents; uploaded and notified paralegal | Attorney | $285.00 | $0.00 |
| 1/17/2020 | Andrew T Curtis | 0.1 | Process SMS Response | Inbound SMS from client re: documents; uploaded and notified paralegal | Attorney | $285.00 | $0.00 |
| 1/17/2020 | Andrew T Curtis | 0.1 | Process Objections | Reviewed email from Client re cancelled checks requested by Mr. Howell; reviewed and saved documents; email to Mr. Howell with documents | Attorney | $285.00 | $28.50 |
| 1/17/2020 | Andrew T Curtis | 0.1 | Draft Contested Order | Received SMS and email from Client with Dec 2018 payment cancelled check; reviewed; saved to file; emailed Armand Howell | Attorney | $285.00 | $28.50 |
| 1/14/2020 | Andrew T Curtis | 0.2 | Deadline for Bryan and Katie Pound | Call to Client re cancelled checks for Wells Fargo; discussed Armand Howell's request | Attorney | $285.00 | $57.00 |
| 1/10/2020 | Andrew T Curtis | 0.1 | Pending Response | Email received from opposing counsel; reviewed; replied; emailed Client re Opposing Counsel's request for cancelled checks to prove payments | Attorney | $285.00 | $28.50 |
| 12/26/2019 | Andrew T Curtis | 2.1 | Legal Issue: Mrtg Delinquency Obj. to Notice | Reviewed bank stmts provided by Client; drafted mtn and NOH; e-filed and mailed; calendar updated; emailed Client status | Attorney | $285.00 | $598.50 |

| Date | Name | Hours | Task | Description | Role | Rate | Amount |
|---|---|---|---|---|---|---|---|
| 12/20/2019 | Kevin Castelo | 0.3 | Inbound Call - re Mrtg Payments | Call from concerned Client re status of mortgage payments; reviewed notes and provided response to Client | Paralegal | $125.00 | $37.50 |
| 12/16/2019 | Maria Raviela | 1.1 | Legal Issue: Mrtg Delinquency Obj. to Notice | Reviewed history of mrtg pmts 2016 - 2019. Emailed mrtg co's atty. | Paralegal | $125.00 | $137.50 |
| 12/16/2019 | Madison Hansen | 0.1 | Walk in re: Document | Walk in re: documents; Wells Fargo transactio history provided; uploaded and notified paralegal | Paralegal | $125.00 | $12.50 |
| 12/14/2019 | Maria Raviela | 0.1 | Legal Issue: Mrtg Delinquency Obj. to Notice | Reviewed documents provided by Client; emailed proof of pmts to Mrtg Co's atty. | Paralegal | $125.00 | $12.50 |
| 12/12/2019 | Victor Preza | 0.1 | Process Inbound Email | Processed email from client re: disagreement with $8k+ mortgage payment delinquency; documents provided; uploaded and notified paralegal | Paralegal | $125.00 | $12.50 |

**Total : $1,463.00**